UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WARRIOR IMPORTS, INC., | ) | CASE NO.  4:14-cv-861 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| 2 CRAVE, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant 2 Crave ("defendant" or "Crave") to dismiss the complaint of plaintiff Warrior Imports, Inc. ("plaintiff" or "Warrior Imports") pursuant to Fed. R. Civ. P. 4(m), and 12(b)(2) and (5). (Doc. No. 12 ["Motion"].) Plaintiff has opposed the motion (Doc. No. 13 ["Opp'n"]), and defendant has replied (Doc. No. 14 ["Reply"]). For the reasons that follow, the motion is granted.

## I. BACKGROUND

In this action, plaintiff alleges that defendant is engaged in the manufacture, purchase, offering for sale, and sale of aftermarket automobile wheels known as "Heavy Hitter H1" (the "mark"). (Doc. No. 1 (Complaint ["Compl."]) ¶ 4.) According to the complaint, the mark is a common law trademark of Starr Wheel Group, Inc. ("Starr Wheel"), and has been used in the course of Starr Wheel's business since 2005. (*Id*. ¶ 5.) Plaintiff claims that, pursuant to an agreement with Starr Wheel, plaintiff is exclusively permitted to sell wheels bearing the mark in the State of Ohio. (*Id*. ¶ 6.) Plaintiff alleges that defendant is selling wheels "intentionally designed to mimic" the mark, causing consumer confusion in violation of the common law of the State of Ohio and the Lanham

Act, 14 U.S.C. §§ 1501 *et seq*. (*Id*. at ¶¶ 7-9.) Plaintiff seeks money damages and injunctive relief. (*Id*. at 2.[1])

The complaint was filed on April 21, 2014. On July 8, 2015, the Court issued an order to show cause why this case should not be dismissed for want of prosecution due to failure to serve the complaint. (Doc. No. 6.) On July 21, 2015, plaintiff responded to the show cause order, stating that the case should not be dismissed because plaintiff perfected service upon the defendant on July 16, 2015, and that the delay in service was due to an "internal miscommunication." (Doc. No. 7.) Defendant's motion to dismiss the complaint for failure of timely service is ripe and ready for decision.

## II. DISCUSSION

Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(m), at all relevant times,[2] provided that:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. …

Rule 4(m) directs the Court to undertake a two part analysis. First, the Court must determine whether plaintiff has shown good cause for the failure to effect timely service. If it has, "the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Second, if plaintiff has not shown good cause, the Court must either (1)

---

[1] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

[2] As of revisions effective after December 1, 2015, the time limit for service is 90 days.

2

dismiss the action without prejudice, or (2) direct that service be effected within a specified time. *Henderson v. United States,* 517 U.S. 654, 663, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996) (the 1993 amendments to the Federal Rules give the court discretion to enlarge the 120 day period even if there is no good cause shown); *Osborne v. First Union Nat'l Bank of Del.,* 217 F.R.D. 405, 408 (S.D. Ohio 2003) (citation omitted).

**A. Plaintiff has not established good cause for untimely service**

Establishing good cause is the responsibility of the party opposing the motion to dismiss, and "necessitates a demonstration of why service was not made within the time constraints [of the Rule.]" *Habib v. GMC,* 15 F.3d 72, 73 (6th Cir. 1994); *see also Nafziger v. McDermott Int'l, Inc.,* 467 F.3d 514, 521 (6th Cir. 2006). Rule 4(m) does not define "good cause," but the Sixth Circuit has repeatedly recognized that extraordinary circumstances may warrant a finding of "good cause" such that untimely service may be excused. *See e.g., Habib,* 15 F.3d at 73 (finding "good cause" where a seriously ill, *pro se* plaintiff made a good faith but flawed effort to perfect service); *Byrd v. Stone,* 94 F.3d 217, 220 (1996) (vacating and remanding the judgment of the court below for dismissing the claim of a plaintiff proceeding *in forma pauperis,* where plaintiff failed to perfect service due to errors made by the court clerk and United States Marshals assigned to the task). By contrast, the Sixth Circuit has refused to find "good cause" based on vague claims of hardship or unexpected difficulties in perfecting service. *See, e.g., Nafziger,* 467 F.3d at 521–22 (personal matters involving the welfare of counsel's children, coupled with a lack of assistance from co-counsel, did not constitute "good cause").

3

In response to the order to show cause, plaintiff states that the delay in service "was due to an internal miscommunication." Inadvertent failures or mistakes are not sufficient to establish good cause. *See Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992); *Friedman v. Estate of Presser,* 929 F.2d 1151, 1157 (6th Cir. 1991) (citations omitted). Accordingly, the Court concludes that plaintiff has not shown good cause for failing to timely serve defendant within the 120-day time period.

**B. Court's Discretion to Enlarge the Time for Service**

Defendant argues that, in the absence of good cause, the federal rules compel dismissal. (Motion at 46.) But this is not the rule, and Rule 4(m) gives the Court discretion to enlarge the 120-day period for service even in the absence of good cause. *Fulgenzi v. Wyeth, Inc.,* No. 5:09-cv-01767, 2010 WL 2403377, at *2 (N.D. Ohio June 10, 2010).

Plaintiff posits that, even in the absence of good cause, Rule 4(m) requires the Court to "set forth a specific time for service to be perfected." (*See* Opp'n at 53.) Plaintiff misreads Rule 4(m). In the absence of a showing of good cause, the plain language of the rule gives the Court the discretion to extend the time for service as an alternative to dismissal, but does not require the Court to do so. *Osborne,* 217 F.R.D. at 408.

**1. Factors to be considered in exercising discretion**

In determining whether to exercise this discretion, the factors considered by the Court include:

> (1) whether a significant extension of time was required; (2) whether an extension of time would prejudice the defendant other than the inherent 'prejudice' in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice

4

would substantially prejudice the plaintiff[;] and (5) whether the plaintiff had made any good faith efforts at effecting proper service of process.

*Stafford v. Franklin Cnty., Ohio*, No. 2:04-CV-178, 2005 WL 1523369, at *3 (S.D. Ohio June 28, 2005) (citations omitted); *see also Dunham-Kiely v. United States*, No. 3:08-cv-114, 2010 WL 1882119, at *5 (E.D. Tenn. May 11, 2010) (same) (citations omitted); *Rosch v. Browning Masonic Cmty., Inc.*, No. 3:07 CV 3665, 2008 WL 2365017, at *1 (N.D. Ohio June 5, 2008) (same) (citations omitted).

### a. A significant extension of time was unnecessary

Plaintiff did not perfect service upon the defendant for approximately fifteen months after the complaint was filed, and then only after the Court issued its show cause order. This lengthy delay constitutes a significant amount of time beyond the 120 days permitted by the rule. *Winston v. Bechtel Jacobs Co., LLC*, No. 3:13-CV-192-TAV-CCS, 2015 WL 1192704, at *5 (E.D. Tenn. Mar. 16, 2015) (failure to serve defendants approximately fourteen months after filing the complaint is significant). That plaintiff was able to effect service within days after the Court's show cause order demonstrates that there was no need for any extension of time. This factor weighs in favor of dismissal.

### b. Defendants are prejudiced by late service

In its reply, defendant claims it will be prejudiced because it "is entitled to an efficient adjudication of the claims at issue in this case and has been prejudiced by the unnecessary and unjustified delays caused by Plaintiff's dilatory prosecution of this case." (Reply at 57.)

Given the nature of the claims asserted, if plaintiff's claims are valid, damages were accumulating during the delay. Had the complaint been timely served, the Court

5

would have likely addressed the plaintiff's request for a temporary and preliminary injunction and determined whether plaintiff was likely to succeed on the merits and, if so, enjoined the conduct. At that point, damages would no longer accumulate. By delaying service for fifteen months, plaintiff, in essence, has extended the period for damages.

Accordingly, under this scenario, the Court concludes that defendant would be prejudiced and this factor weighs in favor of dismissal.[3]

### c. Defendant did not have notice of this action

Plaintiff previously sued the defendant in the Mahoning County Court of Common Pleas on January 28, 2013, Case No. 2013 CV 00230, asserting the same claims as in the instant action. That case was removed by defendant to the United States District Court of the Northern District of Ohio on March 6, 2013, Case No. 4:13-cv-496. After removal, plaintiff voluntarily dismissed Case No. 4:13-cv-496 pursuant to a stipulated dismissal without prejudice, and the instant action is plaintiff's refiling of that dismissed case. (Compl. ¶ 4.)

While defendant had knowledge of plaintiff's claims based on the earlier dismissed action, there is no evidence in the record that defendant had knowledge of this refiled action prior to late service. *See Winston,* 2015 WL 1192704, at *5-6 (no evidence that defendants had reason to believe a lawsuit was forthcoming on the late date they were served with process notwithstanding knowledge of earlier EEOC charge) (citation omitted). This factor weighs in favor of dismissal.

---

[3] While lack of prejudice to the defendant is insufficient to establish good cause, this five factor analysis is not used to determine whether plaintiff has established good cause for untimely service, but whether the Court should exercise its discretion to permit late service notwithstanding a lack of good cause for untimely service. *See Dunham-Kiely*, 2010 WL 1882119, at *5.

### d. Plaintiff's cryptic claim of prejudice is insufficient to prevent dismissal

In opposing defendant's motion, plaintiff argues that "this is a refiling and a dismissal although without prejudice, would in fact cause substantial prejudice to Plaintiff." (Opp'n at 53.) It is unclear what plaintiff means by this cryptic argument, but plaintiff may be implying that it would not be able to refile this action. Plaintiff alleges in its complaint that "[t]he acts complained of herein occurred and continue to occur in Mahoning County, Ohio[.]" (Compl. ¶ 3.) If this is true, then it is possible that plaintiff could seek to enjoin and recover damages for any violations that occurred subsequent to the filing of the complaint in a new action. However, without the benefit of briefing on this issue, the Court is unable to fully consider the ramifications of a dismissal of this case. Since plaintiff has alluded to possible prejudice, it was incumbent upon plaintiff to fully brief and develop the argument for the Court's consideration. Having failed to do so, this factor favors neither party.

### e. Plaintiff did not make a good faith effort to serve defendant

There is no evidence in the record, and plaintiff does not claim, that any timely effort was made to serve defendant. Plaintiff simply asserts, without explanation, that failure of service was caused by "internal miscommunication." Accordingly, the Court concludes that plaintiff did not make a good faith effort to effect service upon defendant. This factor weighs in favor of dismissal.

### 2. This case is distinguishable from *Stafford*

Plaintiff cites *Stafford* in support of its argument that the Court should extend the time for service because the Sixth Circuit has "historically held" that disputes should be

resolved on the merits rather than on procedural or technical grounds. (Opp'n at 52 (citing *Stafford,* 2005 WL 1523369, at *3).) Although the Court agrees that resolving a case on the merits may be preferred, that does not mean the Federal Rules of Civil Procedure can simply be ignored. "While the Court has the discretion to fashion an appropriate remedy for failing to effectuate service, 'exercising that discretion necessarily means that relief in the form of an extension is not afforded as a matter of course, else there would be no reason to have Rule 4(m) with its time limit for service.'" *Grose v. Mansfield Corr. Inst.*, No. 1:06CV2720, 2007 WL 2781434, at *2 (N.D. Ohio Sept. 24, 2007) (citing *Turner v. Grant Cnty. Det. Ctr.*, 2007 U.S. Dist. LEXIS 34290, *5).

Moreover, this case is distinguishable from *Stafford* in certain important respects. In *Stafford,* plaintiff voluntarily dismissed his § 1983 case against defendants, then refiled the action within one year on March 3, 2004. Plaintiff attempted to serve two of the defendants at the Franklin County Sheriff's Liaison's Office by certified mail but the Sheriff's department refused service. Instead of sending the failed return of service back to the United States District Court Clerk's Office, the U.S. Postal Service sent it to plaintiff's counsel's office. On February 25, 2005, the magistrate judge ordered plaintiff to show cause why the action should not be dismissed and why an extension of time to perfect service should be allowed. On March 3, 2005, plaintiff perfected service and defendants moved to dismiss due to plaintiff's violation of Rule 4(m). *Stafford,* 2005 WL 1523369, at *1-2.

8

The court in *Stafford* found that plaintiff did not demonstrate good cause for failing to effect timely service. *Id*. at *3. In performing the five factor analysis, the court found that no additional time beyond 120 days was required to perfect service, it was unclear whether defendants had actual notice of the refiled action, and there was no significant prejudice to defendants. However, the court found that plaintiff had made a good faith effort to effect service and that "if this action is dismissed, it would appear that Plaintiff would be barred from re-filing his cause of action against the Defendants. This factor weighs strongly in Plaintiff's favor." *Id*. at *4 (footnote omitted). Accordingly, the Court in *Stafford* exercised its discretion to extend the time for service.

Unlike Stafford, plaintiff in this case made no effort to serve the defendant, and perfected service fourteen months after filing the complaint only after being apprised by the Court that service had not been made.

### III. CONCLUSION

Plaintiff has not carried his burden to establish good cause for failing to timely serve defendant. In addition, the information submitted by plaintiff in opposing the motion to dismiss provides the Court with no basis upon which to exercise its discretion and extend the time for service notwithstanding a failure of good cause. Indeed, all of the factors in the Court's five factor analysis are neutral or weigh in favor of dismissal. Not a single factor weighs in favor of the Court exercising its discretion to extend the time for service in this case.

Accordingly, the Court declines to extend the time for service in this case, and defendant's motion to dismiss is granted. (Doc. No. 12.) This case is closed.

**IT IS SO ORDERED**.

Dated: March 29, 2016

                                         **HONORABLE SARA LIOI**
                                         **UNITED STATES DISTRICT JUDGE**